IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Travis Jermaine Wright, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Sheriff Anthony Dennis, of Sumter )<br>County Sheriff's Department; and )<br>Detective Burnish, of Sumter County )<br>Sheriff's Department, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 8:07-299-RBH-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983 and various state law claims. This matter is before the Court on the defendants' motion for summary judgment [Doc. 19].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 31, 2007, seeking damages for alleged civil rights violations. On June 29, 2007, the defendants filed a motion for summary judgment. On July 2, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion. On July 9, 2007, the plaintiff filed his response.

## **FACTS PRESENTED**

The plaintiff was arrested and charged with Assault and Battery with Intent to Kill (ABWIK). (Burnish Aff. ¶ 8.) It was alleged that the plaintiff shot a Dereck Cooley. *Id*. ¶ 2. Cooley was unable to identify his assailant, except that he escaped in a green Honda. *Id*. ¶ 3. The plaintiff was eventually found not guilty of the charge at a jury trial. *Id*. ¶ 18.

The plaintiff complains that the warrant for his arrest was not based on probable cause. Specifically, the warrant was issued by a state magistrate based solely on the testimony of a Mauriel Tomlin who was with the plaintiff at the time of the shooting and who admittedly was driving the car identified by the victim. *Id*. ¶¶ 5-10. The plaintiff contends that Tomlin was necessarily an interested informant and that his allegations, alone, should not have reasonably been construed by the defendants as probable cause to seek a warrant for his arrest.

The plaintiff also summarily contends that his bail was excessive and that the defendants harassed him and placed paper posters of him around his neighborhood, which had the effect of injuring his reputation.

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### I.  False Arrest and Malicious Prosecution

Between his Complaint and his response to summary judgment, the plaintiff appears to plead both a claim for false arrest and malicious prosecution, pursuant to 28 U.S.C. § 1983. As stated, the plaintiff alleges that he was wrongfully arrested and prosecuted, in the absence of probable cause.

#### A.  False Arrest

A claim that a *warrantless* arrest is not supported by probable cause constitutes a cause of action for false arrest as opposed to malicious prosecution. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996). Therefore, a false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks*, 85 F.3d at 181. It is undisputed that the plaintiff's arrest was made pursuant to a facially valid warrant. (See Burnish Aff. ¶¶ 10, 13; Pl. Resp. at 2.) The plaintiff has not challenged either the fact that a magistrate issued a

warrant for his arrest or the contents of that warrant. In fact, he has confirmed that a warrant was so issued and that he was arrested pursuant to it. (Pl. Resp. at 1-2.) At most, therefore, the plaintiff can allege only "a cause of action for malicious prosecution" based on an alleged lack of probable cause for seeking and issuing the warrant in the first instance. *Porterfield*, 156 F.3d at 568; *see also Brooks*, 85 F.3d at 181 ("However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution.")

### B.     Malicious Prosecution

To prevail on a claim for malicious prosecution against the defendants, the plaintiff must demonstrate that the magistrate judge did not have probable cause to issue the arrest warrant and that the arresting officer should have known that such cause was lacking when the warrant was requested. *See id*. As the defendants argue, a Section 1983 claim for malicious prosecution incorporates the common law elements of that same cause. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). Contrary to the defendants' assertion, however, that does not mean that the plaintiff must satisfy the specific elements of a South Carolina state cause of action for malicious prosecution. *See id; Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000). To say that a Section 1983 claim incorporates the common law elements is to simply require "that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by

probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell*, 395 F.3d at 514 (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir.1996)). In fact, other more specific elements, such as malice, have been expressly rejected as not a part of the showing necessary to establish a Section 1983 malicious prosecution claim. *See Lambert*, 223 F.3d at 262 n.2 (4th Cir. 2000) (quoting *Brooks*, 85 F.3d at 184 n.5) ("We found, for instance, that malice was not an element of the § 1983 claim since the reasonableness of a seizure under Fourth Amendment jurisprudence 'should be analyzed from an objective perspective.'"). The Fourth Circuit has emphasized that "although we styled the claim as a § 1983 malicious prosecution claim and incorporated common law elements, we did not treat the claim as separate and distinct from the appellant's constitutional allegations." *Id*. at 261-62. Rather, "the foundation for [a malicious prosecution] claim was 'a seizure that was violative of the Fourth Amendment.'" *Id*. at 262.

Accordingly, the plaintiff is only required to demonstrate that (1) he was arrested pursuant to a warrant no supported by probable cause and (2) that the criminal proceedings against him terminated in his favor. *See Burrell*, 395 F.3d at 514.

### 1.     Termination of Proceeding

As an initial matter, the plaintiff has established the second element of his claim by demonstrating that the criminal proceedings against him were terminated in his favor. *See Burrell*, 395 F.3d at 514. The defendants argue that he has failed to establish that element

because they had no authority to terminate the prosecution against him, as police officers. The defendants miss the point.

This element of the malicious prosecution claim is simply an inquiry as to whether the outcome of the prosecution was favorable to the plaintiff by virtue of a not-guilty verdict or otherwise.  *See DiBlasio v. City of New York*, 102 F.3d 654, 657-658 (4th Cir. 1996.) Here, it is undisputed that the plaintiff was found not guilty.  (See Burnish Aff. ¶ 18.)

### 2. Probable Cause

The plaintiff, however, has not created any genuine issue fact as to the absence of probable cause for the arrest warrant.  Probable cause exists when "facts and circumstances . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Porterfield*, 156 F.3d at 568 (quotations omitted). Probable cause requires more than "bare suspicion" but requires less than evidence necessary to convict.  *Id*. "It is an objective standard of probability that reasonable and prudent persons apply in everyday life."  *Id*.  And when it is considered in the light of all of the surrounding circumstances, even "seemingly innocent activity" may provide a basis for finding probable cause.  *Id.*

The defendants identify the following probable cause for the arrest warrant. Defendant Burnish interviewed the victim.  (Burnish ¶ 3.)  The victim stated that he was

shot by a passenger of a green Honda. *Id.* The assailant was not in the car at the time of the shooting. *See id.* After the assailant shot the victim, he returned to the vehicle. *Id*.

After interviewing the victim, Defendant Burnish received a call from another officer. *Id*. ¶ 4. A Mauriel Tomlin was at the other officer's residence and claimed to be the driver of the green Honda. *Id*. While Tomlin claimed to be the driver of the vehicle, he identified the plaintiff as the actual shooter. *Id*. ¶ 5. Tomlin, accompanied by his parents, later gave another statement, in writing, implicating the plaintiff as the shooter. *Id*. ¶ 7.

In his response to summary judgment, the plaintiff alleges that the defendant Detective Burnish testified to the magistrate judge with "over zealousness" at the mention of the plaintiff's name and that, while he was "filled with zeal," Burnish indicated to the magistrate judge that he "felt that there was probable cause to believe that plaintiff committed ABWIK without further investigation." (Pl. Resp. at 1.) Critically, the plaintiff complains that Defendant Burnish and the magistrate judge relied exclusively and erroneously on the representations of Tomlin, insofar as Tomlin's identification of the plaintiff was not corroborated by other evidence and Tomlin had incentive to implicate someone other than himself in the shooting.

The Court agrees with the plaintiff that cause was thin in this case. An informant's account "must have some indicia of reliability in its assertion of illegal activity, ***not just in its tendency to describe or identify a specific person***." *U.S. v. Castro-Rivas*, 2007 WL 4124340, at *6 (10th Cir. 2007) (emphasis added). The Fourth Circuit has said,

> [I]f the information detailed in the tip is verified or corroborated by other facts developed or acquired in the course of the arresting officer's investigation prior to arrest, which may be said to have 'not only attested to the reliability of the informant but (also to have) supported the conclusion that his information had a reasonably substantial basis in fact,' the information supplied by the tip may be a proper basis for a finding of probable cause.

*U.S. v. Baker*, 577 F.2d 1147, 1150 (4th Cir.1978). "The key is whether, among other corroborated facts, an informant's predictive information relating to criminal activity is independently confirmed." *U.S. v. Castro-Rivas*, 2007 WL 4124340, at *6. In the Fourth Circuit's probable cause jurisprudence, it appears that the credibility of a tip can be established based on either the prior and demonstrated reliability of the source, *see United States v. Bynum*, 293 F.3d 192, 197 (4th Cir.2002) ("[A] proven, reliable informant is entitled to far more credence than an unknown, anonymous tipster." ), or a corroborated fact, *see Baker*, 577 F.2d at 1150.

Neither circumstance is alleged here. The defendants have not identified Tomlin as having been a source of other, previously reliable information nor have they identified any facts, extrinsic to his identification, which would confirm his allegation that the plaintiff was the shooter.

Corroboration, however, is not an absolute requirement. *See U.S. v. DeQuasie*, 373 F.3d 509, 518-19 (4th Cir. 2004). It is a totality of the circumstances analysis. *Id*. More importantly, it is well-established that a co-participant's uncorroborated identification or tip can constitute probable cause. *See U.S. v. Patterson*, 150 F.3d 382, 386 (4th Cir.

9

1998). That rule is based on the inherent reliability of a person who has already conceded their own guilt, involvement, or participation. *See id*. In *Patterson*, the Fourth Circuit affirmed that a co-defendant's testimony "standing alone and uncorroborated is sufficient to sustain a conviction. *Id*. (citing *United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir.1993)). The court stated that it would be an anomalous result if that same testimony were considered insufficient cause for arrest. *Id*.

There is no evidence before the Court as to whether Tomlin, the informant, was ever charged with a crime or whether he ever confessed to being a knowing accomplice to it. The Court, however, finds Tomlin's decision to voluntarily contact the police and implicate himself – at least insofar as he admitted to being the driver of the car, leaving the scene of the crime, and otherwise in the company of the plaintiff at the time of the shooting – a sufficient concession such that his tip falls within the ambit of *Patterson*. By confessing to even that degree of involvement, Tomlin admitted to being a "co-participant" and was risking the possibility that he would be suspected, charged, and convicted of much more. The Court believes that this creates "reasonably trustworthy information," upon which a finding of probable cause may rest.[1] *Patterson*, 150 F.3d at 386.

---

[1] The defendants also argue that probable cause must have existed because (1) the magistrate judge issued the arrest warrant; (2) a second magistrate judge made a probable cause determination at the plaintiff's preliminary hearing, (Burnish Aff. ¶ 15); (3) the Grand Jury returned a True Billed indictment, id. ¶ 16; and (4) the Solicitor continued prosecute the plaintiff through a jury verdict at trial, id. ¶ 17. This argument is less persuasive to the Court and based on reasoning which is, in part, circular. The defendants would have the Court find proper the determination of probable cause by the magistrate based precisely on the fact that the magistrate found that there was probable cause. The fact is not self-proving. By the defendants' logic, there could be no such thing as a claim for malicious prosecution against any officer so long as the participants of the criminal system doggedly prosecuted a case, otherwise devoid of probable cause, all the way to its

The plaintiff has made no legal argument in response, and the Court does not believe one exists. As a matter of law, Tomlin's identification was sufficient cause.

## II.     Other Claims

At summary judgment, the plaintiff has made no attempt to argue or create any genuine issue fact as to his conclusory allegation that his bail was excessive. The Court, therefore, finds the claim both abandoned and insufficient to survive the defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(e).

Further, having dismissed the plaintiff's federal claim against the defendants, the court declines to exercise jurisdiction over whatever state law claims the plaintiff may have against either of the defendants, including a claim for defamation. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the

---

unjustifiable end. The very existence of a malicious prosecution remedy recognizes the unfortunate fact that our criminal system will inevitably initiate, retain, and move along cases which should have never been initiated.

While it is true that a facially valid warrant eliminates a claim for false arrest, as discussed above, *see Brooks*, 85 F.3d at 181, and a True Billed indictment in South Carolina is *prima facie* evidence of probable cause, *Kinton v. Mobile Home Industries*, 262 S.E.2d 727, 728 (S.C. 1980), neither fact is dispositive, in regards to the plaintiff's malicious prosecution claim, to establish that the defendants had probable cause to seek and effectuate the arrest warrant in the first place. "Obtaining an arrest warrant does not provide per se evidence" that the warrant was proper or that the officer was objectively reasonable in believing it so. *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991).

It should be noted, however, that for qualified immunity purposes, the Fourth Circuit certainly finds it "noteworthy [whenever] two different judicial officers in separate proceedings determine[] that [an officer] ha[s] demonstrated probable cause to support the arrest," as occurred in this case. *Id*. It does not have a tendency to prove, however, as a matter of law, that probable cause actually existed.

remaining state law claims.")  Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment [Doc. 19] be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 4, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).