UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| TRAVIS JERMAINE WRIGHT, ) | Civil Action No.: 8:07-cv-299-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHERIFF ANTHONY DENNIS, of Sumter ) | |
| County Sheriff's Department; DETECTIVE ) | |
| BURNISH, of Sumter County Sheriff's ) | |
| Department; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brought this action alleging causes of action under 42 U.S.C. § 1983 in addition to various state law claims. Pending before the court is Defendants' [Docket Entry #19] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #29] of Magistrate Judge Bruce Howe Hendricks filed on February 5, 2008.[1]

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to the federal claims and that Plaintiff's state law causes of action, if any, be dismissed without prejudice for lack of subject matter jurisdiction.

On February 22, 2008, Plaintiff filed a motion to extend the deadline for filing objections and for discovery. This court denied Plaintiff's motion for discovery, but granted Plaintiff's motion for an extension, allowing Plaintiff until March 3, 2008, to file any objections to the Magistrate Judge's Report and Recommendation. On February 27, 2008,

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(d) and (e).

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

Plaintiff's § 1983 claims include claims for false arrest, malicious prosecution, and excessive bail. The Magistrate Judge recommended that summary judgment be granted in favor of the Defendants on the merits of Plaintiff's claims of false arrest and malicious prosecution under 42 U.S.C. § 1983. With regard to the false arrest claim, the Magistrate Judge found that because Plaintiff was arrested pursuant to a facially valid warrant, his claim for false arrest should fail. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). As to Plaintiff's claim of

malicious prosecution, the Magistrate Judge concluded that, although Plaintiff was ultimately acquitted of the underlying criminal charges, considering the totality of the circumstances - that Plaintiff was identified as the assailant by an alleged co-participant - sufficient probable cause existed for Plaintiff's arrest and prosecution. The Magistrate Judge also found that Plaintiff had abandoned his claim, or otherwise failed to create any genuine issue of material fact, that his bail was excessive in violation of the Eighth Amendment.[2]

To the extent Plaintiff raised any state law claims in his complaint, the Magistrate Judge recommended they should be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c).

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.[3] The court has reviewed the Plaintiff's objections and finds that they are without merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #29] of the Magistrate Judge. Accordingly, Defendants' [Docket Entry #19] motion for

---

[2] As an alternative basis for granting summary judgment in favor of Defendants on Plaintiff's § 1983 claims, it appears from the undisputed facts of this case that Defendants would be entitled to qualified immunity in their individual capacities and Eleventh Amendment immunity in their official capacities. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Gulledge v. Smart*, 878 F.2d 379 (4th Cir. 1989) (unpublished).

[3] The court believes that there was more than sufficient probable cause and to that extent disagrees with the Magistrate Judge's statement that probable cause was thin in this case. *See* Report and Recommendation, at pg. 8, Docket Entry #29. The Magistrate Judge's analysis appears to be based on the law dealing with confidential informants or anonymous tipsters, which is more restrictive. Here there was a witness who had signed a statement identifying the Plaintiff as the assailant. The witness was not a confidential informant or anonymous tipster.

3

summary judgment is **GRANTED in part and DENIED in part**.  Summary judgment is **GRANTED** as to Plaintiff's claims of false arrest, malicious prosecution, and excessive bail under 42 U.S.C. § 1983.  Summary judgment is **DENIED** to the extent this court declines to exercise jurisdiction over any of Plaintiff's pendent state law claims.  Plaintiff's claims brought under 42 U.S.C. § 1983 are hereby **DISMISSED with prejudice**.  Pursuant to 28 U.S.C. § 1367, Plaintiff's state law claims, if any, are **DISMISSED without prejudice** for lack of subject matter jurisdiction.[4]

    **IT IS SO ORDERED.**


Florence, SC                                                             s/R. Bryan Harwell
March 26, 2008                                                        R. Bryan Harwell
                                                               United States District Judge

    **IT IS SO ORDERED**.

---

[4] Under 28 U.S.C. § 1367(d), the period of limitations on Plaintiff's state law claims "shall be tolled while the claim is pending [in this court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." *Id*.